# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN THOMPSON, | Case No. 2:13-cv-02247-GMN-NJK |
| Plaintiff(s), | ORDER GRANTING MOTION TO COMPEL |
| vs. | |
| HELLO! DESTINATION MANAGEMENT, et al., | (Docket No. 28) |
| Defendant(s). | |

Pending before the Court is Defendant's motion to compel. Docket No. 28. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 31, 32. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. The Court **GRANTS** the motion as unopposed because Plaintiff's response consists in its entirety of roughly one page of text devoid of citation to any legal authority of any kind. *See* Local Rule 7-2(d) (the failure to file "points and authorities" in response to a motion constitutes consent to the granting of the motion).[1]

Having granted the motion to compel, the Court turns to the proper relief. Obviously, Plaintiff must provide all of the discovery sought in the motion to compel, including appearing for deposition in Las Vegas, Nevada. In addition, however, Defendant seeks an order imposing sanctions. *See, e.g.*, Docket No.

---

[1] Even were the Court to consider the motion as being opposed, the Court would grant it. *See, e.g.*, *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) (in the absence of a showing of good cause, plaintiffs are required to make themselves available for deposition in the district where suit was filed).

28 at 8; Docket No. 32 at 8. Rather than ruling on sanctions based on the papers already in the record, the Court finds the better approach is to allow Defendant to file a separate motion for sanctions informed by this order resolving the underlying motion to compel. That motion for sanctions shall be filed no later than September 3, 2014.

    IT IS SO ORDERED.

    DATED: August 26, 2014

                                            NANCY J. KOPPE
                                            United States Magistrate Judge